IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY M. GREEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-21-956 |
| CORRECTIONAL OFFICER MILLIN,[1] | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented plaintiff Terry M. Green, an inmate presently incarcerated at Western Correctional Institution ("WCI") in Cumberland, Maryland, filed this 42 U.S.C. § 1983 action against defendant Officer Millin. ECF No. 1.  On December 13, 2021, defendant Millin filed a Motion to Dismiss or, Alternatively, for Summary Judgment.  ECF No. 12.  The court informed Green, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motions could result in dismissal of the complaint.  ECF No. 13. Green has filed nothing further.

This court deems a hearing unnecessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons set forth below, defendant's motion, construed as a motion for summary judgment, shall be granted.

### Background

**A.**     ***Green's Claims***

In his unverified complaint, Green alleges that on April 8, 2018, while he was confined at Roxbury Correctional Institution, in Hagerstown, Maryland, Officer Millin came to his cell to escort him to provide a urine sample.  ECF No 1 at 6. Millin became impatient with how slowly

---

[1] The Clerk shall amend the docket to reflect the full and correct name of Defendant Joshua Millin.

Green was walking and, while Green was handcuffed behind his back, pushed Green from the top of the stairs to the bottom. *Id*. Green seeks to file criminal charges against Millin, Millin's dismissal from employment, and compensatory and punitive damages. *Id*.

B.  *Millin's Response*

On April 8, 2018, Green was housed in Housing Unit (HU) 5, B-Wing at RCI. ECF No. 12-3 at 4. Defendant Millin was assigned as a tier officer on Green's housing wing. *Id*. at 2. Officer Mills ordered Green to submit to a uranalysis because "[t]here is reason to believe this inmate has recently possessed or used drugs." *Id.* at 5. In response to Mill's directive, Millin escorted Green from his cell to the "Medical Rover", where Officer Drury was on duty, so that Green could submit a urine specimen. ECF No. 12-3 at 2, 6; ECF No. 12-4, ¶ 3. Green provided the sample without incident, which was negative for all screened substances. ECF No. 12-3 at 6 and ECF No. 12-4, ¶ 3. Plaintiff did not exhibit any signs of injury during his interaction with Millin and Drury, nor did Green request medical attention or state to either officer that he had been assaulted. ECF No. 12-4, ¶ 4 and ECF No. 12-5, ¶ 9. Millin denies pushing Green. ECF No. 12-5, ¶ 6.

That same day, Green filed an emergency Request for Administrative Remedy (ARP) stating that while escorting him for urinalysis Millin became impatient with Green for unknown reasons (ECF No. 12-6 at 23-24) and then squeezed Green's arm. When Green told him to stop squeezing his arm Millin pushed Green down the stairs. *Id*. at 24. On April 12, 2018, Captain Heerd reported Green's allegations to the Internal Investigation Division and an investigation began. *Id*. at 3

2

Officer Fagan was assigned to investigate Green's claims. He recounted that Green reported that Millin pushed him down the stairs while escorting him for a urinalysis. Fagan observed that Green changed his story several times. ECF No. 12-6 at 2.

As a result of his complaint Green was seen by medical staff on April 11 and 12th. ECF No. 12-6 at 5-6, 26-31. Green alleged that Millin pushed him down the steps on April 8. *Id*. He complained of pain in his shoulder, lower back, right knee and right side. ECF No. 12-6 at 6, 26. On examination by medical staff no injuries were found. *Id*. 26-31. X-rays were taken which revealed no injury. *Id*. at 43-45. During the first examination, Green reported his right knee was fine. *Id*. at 26-31. At all times, Green had no swelling, full ranges of motion, with no sign of injury. *Id*. at 26-31. No marks were observed on Green's body. *Id*. Green was provided Tylenol. *Id*. Green continued to complain of pain arising out of the alleged altercation. *Id*. at 32-38.

When Green filed an ARP regarding the incident he stated that two inmates witnessed the events. *Id*. at 24. One of the witnesses refused to come to his cell door to be interviewed or provide a statement. *Id*. at 7. The other witness ultimately reported that while he saw Green come down the steps "Boom, Boom, Boom" and "caught his balance" before reaching the bottom of the steps, he did not in fact see whether an officer pushed Green. *Id*. at 6-7. This inmate did hear Green accuse the officer of pushing him. *Id*. at 7. Additionally, the inmate reported that Green had issues with correctional staff regarding the use of the telephone and Green had asked the inmate if he could use him as a witness. *Id*. In his statement during the investigation Green reported that Millin squeezed his arm during the escort and when Green told him to stop, Millin responded by throwing him down the stairs. *Id*. at 6.

At the end of his investigation, Fagan concluded that there was no evidence that Green was pushed down the stairs nor was there any evidence of any injury. *Id*. at 7-8.

**Standards of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial."

*Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

Defendant's motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Motions styled in this manner implicate the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Because Defendant filed a motion styled as a motion to dismiss, or in the alternative, for summary judgment, Green was on notice that the court could treat the motion as one for summary judgment and rule on that basis. Accordingly, the court will review the claims against Defendant under the Rule 56(a) standard and will consider the exhibits filed in support of the dispositive motions.

The court informed Green that he may file an opposition and advised him of the consequences of failing to do so. ECF No. 13. Green, however, has chosen not to file a response, instead relying solely on his unverified complaint. ECF No. 1. Because Green's complaint is unverified, its factual assertions may not be considered in opposition to Defendant's motions. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); Fed. R. Civ. P. 56(c)(1)(A).

5

The court is mindful that Green is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

## Discussion

Green claims that Millin used excessive force when he pushed Green down the stairs while under escort. In response, Millin asserts that: (1) the Eleventh Amendment bars this suit against the Millin in his official capacity; (2) Green has not suffered from an excessive use of force; (3) Green is not entitled to punitive damages; (4) Green has not suffered any injuries and therefore the claim is barred by the Prison Litigation Reform Act; and (5) Millin is entitled to qualified immunity. ECF No. 12-1.

Green claims that Millin used excessive force when he pushed Green down the stairs while under escort. Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. The court must look at the need for the application of force, the relationship between that need and the amount of force applied, the extent of the injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury, alone, is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor whether or not the force used was necessary in a particular situation, but if force is

applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

Here, the parties dispute that the event occurred. Millin avers that he did not push Green down the stairs and that he has no recollection of Green falling down the stairs. Green's relevant medical records surrounding the time at issue do not show any objective evidence of injury which would occur as a result of falling down stairs. The medical records do not even show a scratch or abrasion. Further, Officer Drury, who was responsible for collecting the urine sample, avers that when he saw Green after the escort Green had no injuries and did not report to him that Millin pushed him or that he fell on the stairs. Green's proffered witnesses did not confirm Green's version of events. Rather, one witness refused to provide a statement and the second witness did not see Green being pushed and reported only that Green tripped on the stairs but recovered. Further, that inmate offered that Green had been having difficulty with correctional staff, a possible basis for Green's fabricating the event. Green has failed to come forward with any evidence to contradict the evidence put forth by Millin that the event simply did not occur. Thus, Millin is entitled to summary judgment. The court need not consider Millin's additional defenses.

## Conclusion

Millin's motion, construed as a motion for summary judgment, is granted. A separate Order follows.

Dated:  June 21, 2022                              /s/
                                        Stephanie A. Gallagher
                                        United States District Judge

7